Somers Brick Company et al., respondents,

*v.*

Frank A. Souder, Excelsior Terra Cotta Company and City of Atlantic City, appellants.

[Argued June 25th and 26th, 1906. Decided June 15th, 1908.]

1. Several parties, who had furnished materials to a contractor for the building of a fire-house for a city, served notices of claims against the contractor under the act of 1902 (*P. L. 1902 p. 369*), and afterward filed bills to enforce their liens upon the contract price due from the city to the contractor. In each bill it was averred that an order had been given upon this fund by the contractor to the Excelsior Terra Cotta Company to pay for materials furnished, which order had been accepted by the financial officer of the city, but averred that the lien of such order was subsequent to the lien of the complainants' notice.

2. The answer to the terra cotta company to each bill averred that the lien of its order was prior to the lien of complainants' notice.—*Held,* that the priority and validity of the order was put in issue by the pleadings.—*Held,* that it appearing that the answer of the terra cotta company was true, the order operated as an assignment of such portion of the fund. due the contractor, and only the remaining portion of the fund remained to be distributed to the claimants.

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Grey, whose opinion is reported in *70 N. J. Eq. (4 Robb.) 388.*

*Messrs. Godfrey & Godfrey,* for Horan, Freeman and Atlantic City Lumber Company.

*Mr. Enoch A. Higbee,* for the Excelsior Terra Cotta Company.

*Mr. Harry Wootton,* for the City of Atlantic City.

The opinion of the court was delivered by

REED, J.

Upon the original argument of this cause, the question arose whether the point involved in this case should be decided without the presence as appellant of the city of Atlantic City, a defendant below. For this reason the decision of the cause was postponed until Atlantic City had taken and perfected an appeal, and filed a brief in the cause.

It appears that in 1902 one Souder entered into a contract with the city of Atlantic City, by the terms of which contract Souder was to build a fire-house for the city for the sum of $25,587.

The Excelsior Terra Cotta Company contracted with Souder to furnish to Souder all the terra cotta required by him in executing his contract. Up to January 23d the terra cotta company had furnished goods to the value of $2,359.32, and had $1,000 worth of goods ready to be shipped. At this point the terra cotta company refused to ship any more goods until the payment of the contract price by Souder was in some way secured. By an arrangement with Mr. Wootton, the solicitor for the city, and with Mr. Vaughan, the architect in charge of the erection of the fire-house, an order for the payment of the entire amount due and to become due for the terra cotta was obtained from Mr. Souder, the contractor, drawn upon Mr. Heston, the comptroller of Atlantic City. On January 23d, 1903, the comptroller accepted the order, and six days later the remaining terra cotta was shipped.

Among those who had furnished materials to Souder for the construction of the fire-house were Mr. Horan, Mr. Freeman and the Atlantic City Lumber Company. These gentlemen, in May and June following, filed notices of claims with the financial officer of Atlantic City, under the provisions of the act of 1892 (*P. L. 1892 p. 369*), "to secure the payment of claims for ma-

terials furnished for work done on public improvements in a municipality of this state." Each of these claimants filed bills to enforce their respective liens upon the money due from Atlantic City to Souder.

It may be remarked that subsequent to the filing of the claims already mentioned five others who had furnished materials filed claims, four of whom also instituted suits to enforce their claims. The claims of the latter, however, were excluded by the vice-chancellor because of non-conformity with the statute, and there is no appeal on their behalf.

The several suits to enforce the claims of the materialmen were consolidated, and the causes were tried together.

On the trial it was proved by the terra cotta company that its debt was due from Souder; that the order was given and accepted by the city comptroller on January 23d, as already stated. It appeared that all notices of the materialmen were filed subsequently to the giving and acceptance of the order, and that the order was a complete assignment of so much of the amount due from Atlantic City to Souder as equaled the amount of the order. It was not merely an equitable, but a legal assignment of the amount.

The learned vice-chancellor, however, disregarded the existence of this order, and ignored its effect upon the funds in the hands of Atlantic City still due to the contractor. The ground assigned for disregarding the order was that the terra cotta company, having filed a bill to enforce its claim under a notice like the other materialmen, had not relied upon this order for a decree, but solely upon its notice. If the rights of the terra cotta company rested upon this bill alone, the conclusion of the vice-chancellor would seem to be entirely correct, for it is obvious that no question concerning the validity or precedence of the order was raised, or intended to be raised, by the bill filed by the terra cotta company.

The validity and priority of the order, however, was put in issue by the bills filed by the other claimants, in which it was charged that the order was not a lien upon the fund, or if a lien, one subsequent to that of the claimants, to which charge the terra cotta company, by its answer to these bills, averred that

the said order and its acceptance was a valid lien upon the moneys due from the city of Atlantic City, and a lien prior to that of the claimants.

The answer of Atlantic City also, a defendant to these bills, admits the giving and acceptance of the order. So it is manifest, under these pleadings, the existence of this order and its effect upon the claims of the materialmen was directly in issue.

The question of the relative priority of the order and the claims being before the court, it is too obvious for discussion that the rights of the terra cotta company, as holder of the order, were superior. As already remarked, the order was not only an equitable, but a legal assignment for the amount of so much of the fund still due the contractor. The notice of claims of the materialmen became liens only from the time of the notice, as was correctly held by the vice-chancellor, and the notices were given subsequently to the giving and acceptance of the order.

In this situation, however, it is not essential, even if regular under the pleadings, that Atlantic City should be directed to pay to the terra cotta company the amount of this order. The relative rights of the claimants, of Atlantic City and of the terra cotta company, in the fund held by Atlantic City can be settled without such an affirmative decree. It is obvious that the question to be settled is, What portion of the contract price remained due to Souder at the date when the claims of the materialmen were filed? The vice-chancellor found there was due the sum of $7,457.40, and upon this sum he fixed the liens of three claimants, whose claims amounted to $6,784.89. Now, the order of the terra cotta company operating as a previous legal assignment for $3,359.32 of that fund of $7,457.40, there was in the hands of Atlantic City due to Souder, not $7,457.40, but only $4,098.08 at the moment when the materialmen filed their notices. The latter was all of the fund there was to be distributed by the court of chancery.

It was essential, therefore, that the order should be recognized, although no specific relief was asked for, or should be given, to the holder of the order. The terra cotta company is in a position to stand upon its legal right to recover from Atlantic City the amount of the order, and Atlantic City, as left by the

decree below, would be compelled, after paying to Horan, Freeman and the Atlantic City Lumber Company all but $672.51 of the original fund, to pay $3,359.32 to the terra cotta company.

The decree of the court of chancery should, therefore, be modified, so that the claims of Horan, Freeman and the Atlantic City Lumber Company should be paid in the order fixed by the decree below, but out of the fund of $4,098.08 still existing in the hands of Atlantic City.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—12.